NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I concur in the court’s decision to stay further proceedings with respect to the Samsung litigation. However, the stay should also be applied to defendant Apple. Although the proceedings against Apple have gone to trial, a new trial has been ordered with respect to damages, and the reasons for separating the several defendants may not exist if intervening events in the PTO materially change the status of the patents-in-suit. The post-grant PTO proceedings for the SmartFlash patents are progressing on an expedited schedule, wherein the Patent Trial and Appeal Board (PTAB) has already held that the SmartFlash patents are Covered Business Method (CBM) patents and that it is “more likely than not” that claims are invalid. 35 U.S.C. § 324(a).
My colleagues require that the litigation against Apple nonetheless proceed, to a complex new damages trial, certain to be followed by post-trial proceedings on all of the issues of validity and infringement, then also certain to be followed by appeals — while the PTO will have completed its post-grant review of these CBM patents that have already been described by the PTAB as “more-likely-than-not” invalid under section 101. The court cannot remain oblivious to the reports that, as of June 20, 2015, the PTO has invalidated every claim for which it has instituted CBM review based on section 101. There have been no exceptions since the inception of the America Invents Act. See Robert R. Sachs, The One Year Anniversary: The Aftermath of # Alicestorm, Bilskiblog (June 20, 2015), available at http://www. bilskiblog.com/blog/business-methods/ (reporting PTO statistics on review of business method patents).
It cannot be ignored that under the protocols of post-grant PTO review, claims are more easily invalidated by the PTO tribunal than in the district court. In In re Cuozzo Speed Technologies, LLC, No. 14-1301 (Fed.Cir. July 8, 2015),[1] the court held that the PTAB may apply what’s called the “broadest reasonable interpretation” to claims of issued patents, thus rendering the claims more vulnerable to invalidity than if reviewed on the legally correct claim interpretation. In addition, in PTAB proceedings unpatentability is determined by preponderance of the evidence, whereas in the district court invalidity requires clear and convincing evidence, which in this case is accompanied by the deferential standard applied to jury verdicts.
In enacting the America Invents Act, it was recognized that the possibility of con *1007 current district court and PTO proceedings, with the same patents and the same issues, could lead to a variety of concerns. Thus, this court is authorized to review “stay” rulings, with the goal of establishing reasonably consistent national standards to guide district courts and litigants. As applied to the case here at bench, the only question is whether, in light of the stay that is today granted to co-defendant Samsung and that the district court previously granted to co-defendants Google and Amazon, the proceedings against Apple should continue at this stage.
The inequity, as well as the inefficiency, of continuing against Apple overpowers my colleagues’ reasoning that since the Apple trial process is fairly well advanced,' it should continue to the scheduled retrial of damages and completion of the district court proceedings. (I cannot guess whether any appeal of the district court decision would also proceed expeditiously in the Federal Circuit if the PTO proceedings remain pending.) The reasonable possibility that the patent landscape will be altered, while requiring Apple to proceed while staying the proceedings against Samsung, Google, and Amazon, provides inequities that outweigh any convenience of wrapping up the district court proceedings against Apple, especially in view of the possibility of remand or other accommodation of any change in the patent landscape.
Equity counsels in favor of uniform treatment of defendants equally at risk, and pragmatism requires that the courts take notice of the PTO’s decision to institute CBM review based on the section 101 challenge to all of the SmartFlash claims in suit. I outline my concerns with the ruling of the panel majority:
1. CONCURRENT PTO AND DISTRICT Court Prooeedings—
After SmartFlash sued all of the defendants for patent infringement, and the district court implemented the then-reasonable procedure of trying the case against Apple first, Apple and Samsung initiated post-grant review under the newly enacted America Invents Act, selecting the procedure relating to covered business method patents. The PTAB accepted the petitions to institute review, implementing the requirement of 35 U.S.C. § 324(a) (requiring threshold determination that it is “more likely than not that at least 1 of the claims ... is unpatentable”).
In view of the ongoing PTO proceedings, the possibility arises whereby the theory of patent validity presented at the Apple trial might change as to the other defendants. It is no longer clear that the Apple decision in the district court could serve as the model for which it was intended, depending on the outcome of the CBM proceeding in the PTO.
Thus the fact of the concurrent proceedings, even without my other reasons, weighs in favor of a stay against Apple if there is to be a stay against Samsung, whose trial was scheduled for September 14, 2015.
2. The PTAB Deoision to Institute CBM Review—
Section 324(a) provides: “The determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable.” On the “broadest reasonable” claim construction, and in view of the “more likely than not” determinations and the unreviewability at the threshold[2] of the decision to institute post-grant review, the SmartFlash claims at this stage are not cloaked in optimism.
*1008 The PTO has stated that a district court’s determination does not provide collateral estoppel and is not res judicata against PTAB determinations. See, e.g., Inter-thinx, Inc. v. Corelogic Sols., LLC, No. CBM2012-00007 (P.T.A.B. Jan. 80, 2014) (“[W]e conclude that res judicata and collateral estoppel do not limit the Board’s ability to decide the challenges at issue-”). Much remains to be resolved; the present state of uncertainty of law and procedure, and the ongoing search for the optimum mechanism for determining patent validity, weigh heavily on the side of staying the Apple proceedings, rather than continuing to finality in the district court.
The issue is not simply that of deference between tribunals of different assignments, nor of constitutional dimension as to the relationship between the judiciary and an executive agency. Included must be the overarching concern for serving the national interest in technological advance, and how best to achieve it. Until these issues are resolved, prudent adjustment is appropriate.
3. Unanswered Questions of Standards of Review and the Appellate Obligation—
On continuing with the Apple litigation in the district court, as the panel majority today orders, it is far from clear how the appellate process will proceed. What happens to possibly conflicting rulings? Are we creating another race-to-the-courthouse, where the interests of justice succumb to the fleet of foot, or the deepness of the pocket? This court is already burdened with irregular precedent, as in Fre-senius, where a panel sustained the district court’s final judgment of validity and infringement, and then held that since post-judgment damages remained for determination, the Federal Circuit’s affir-mance of the district court’s judgment gave way to the Federal Circuit’s sustenance of the PTO’s later determination of invalidity. Fresenius USA, Inc. v. Baxter Int'l, Inc. 721 F.3d 1330, 1344, 1347 (Fed.Cir.2013) (Newman, J., dissenting).
Stay of district court proceedings as to Apple would acknowledge the CBM review in the PTO, and the PTAB’s expert determination would, at a minimum, be available for application to all defendants. And meanwhile, I urge the communities of innovators, . competitors, and legislators, to collaborate to design a system of innovation incentive, competitive fairness, and post-grant review that best serves the nation.
4. The Factor of Judioial Eoonomy—
My colleagues state that the district court’s investment in the Apple case should not be wasted, in the interest of judicial economy. My colleagues state that “the only questions common to the two proceedings which could be ‘simplified’ by agency review” are “infringement and validity.” Maj. Op. at 10. Indeed so! What else is there?
Here, to press forward with active Apple litigation, followed inevitably by post-trial disputes as to all of the issues decided by the judge and the jury, and undoubtedly the appeal, offers scant judicial efficiency. The PTO has already determined that it is more likely than not, that at least some of the claims in suit are invalid, and it is also possible that the damages proceeding would be affected if only some of the claims survive in the PTO. In such likelihoods, any judicial investment in the trial proceedings thus far conducted will not be satisfied.
CBM review of the SmartFlash patents is now proceeding, apparently with weight *1009 on section 101. The litigation efficiencies extolled by the panel majority may .diminish, if new grounds of invalidity become available to Samsung and the other stayed defendants. This factor should not be overlooked.
5. LitigatioN Delay—
Apple stresses that SmartFlash would not be prejudiced by delaying the district court proceedings, for SmartFlash is not a market competitor, and is compensated by money damages based on infringement by the defendants, rather than by profits from its own sales. While the past litigation expense has been sunk, this is not a sound reason to add additional litigation expense, starting with the scheduled new trial of damages, when validity has been facially challenged under the new America Invents Act procedures.
My colleagues deem it a fatal flaw that Apple did not request CBM post-grant review of the SmartFlash patents earlier in this litigation. However, this timing accords with the Supreme Court’s action on the Alice Corporation case, first the petitions to the Court, then the grant of certiorari in 2013, then the briefing and argument and widespread amicus participation, and then the Court’s decision reported at Alice Corporation v. CLS Bank International, — U.S. -, 134 S.Ct. 2347, 189 L.Ed.2d 296 (2014). That Apple waited while this section 101 issue was wending its way to Court review and resolution was not imprudent, for the section 101 arguments in the PTO take their guidance from the Court’s rulings in Alice Corporation. That it took Apple only four months thereafter to apply Alice Corporation to the complex new CBM procedures is not grounds for punishing Apple for tardiness.
My colleagues also criticize Apple for “first pursuing] its § 101 defense at the district court and then at the PTAB.” Maj. Op at 14. Indeed, one wonders what else Apple might have done, for surely it would have been imprudent to discard either of these paths of defense — such scold is unfair.
6. My PREFERENCE—
The only difference between Apple and Samsung as defendants is that the Samsung case was placed on a later calendar, as the district court reasonably chose to proceed with one case at a time, moving the cases against Google and Amazon even further into the future. But the-landscape changed after the Court decided Alice Corporation, and even more so after experience was gained with the CBM section of the America Invents Act. In view of the PTO’s institution of post-grant review of all. of the claims in suit, it is fair and just that all of the defendants be treated equally, and thus that the stay be granted to all. From my colleagues’ contrary decision as to Apple, I respectfully dissent.

. The initial panel opinion and dissent in Cuozzo issued on February 4, 2015. 778 F.3d 1271 (Newman, J., dissenting). A revised panel opinion and dissent issued on July 8, 2015. On the same day, the court by 6 to 5 vote denied rehearing en banc.

. Although this court held in Versata Development Group, Inc. v. SAP America, Inc., 793 F.3d 1306 (Fed.Cir.2015), that any issues relevant to the decision to "institute” are subject *1008 to review on appeal of final judgment, the court sustained the restriction on interlocutory appeal of the threshold determination of whether to institute post-grant review.